```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
ROBERT MANNIS,
                Petitioner,

        - against -                        04 Civ. 6608 (DAB)
                                           ADOPTION OF REPORT
BUREAU OF PRISONS,                         AND RECOMMENDATION

                Respondent.
--------------------------------------X
```
**DEBORAH A. BATTS, United States District Judge.**

This matter is before the Court upon the May 24, 2005 Report and Recommendation of United States Magistrate Judge Henry Pitman. Petitioner submitted his objections to the Report & Recommendation on June 6, 2005. The Government submitted its response to Petitioner's objections on June 13, 2005.[1]

After conducting a <u>de novo</u> review, the Court hereby adopts the Report and Recommendation in all respects.

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging the manner in which the Bureau of Prisons ("BOP") calculated his "good time" credits and his eligibility for transfer to a Community Confinement Center ("CCC"). In addition, Petitioner moved for summary judgment regarding his

---

1  Petitioner responded to the Government's letter, by letter dated June 16, 2005. Petitioner sent this letter reply although he had already submitted his Objections to the Magistrate Judge's Recommendation and Report. Nevertheless, the Court has reviewed Petitioner's letter, in which he claims that there are numerous errors in the Government's letter. The Court has considered Petitioner's arguments and finds them to be without merit.

eligibility for placement in a CCC. Finally, on June 7, 2005, Petitioner submitted an Amended Petition pursuant to 28 U.S.C. § 2241.

In his Report and Recommendation, Magistrate Judge Pitman recommends that Petitioner's Petition be dismissed and that his Motion for Summary Judgment be denied. Magistrate Judge Pitman also recommends that the Amended Petition be treated as a Motion to Amend the Petition and that the Motion to Amend be denied on the ground that the claim asserted therein has already been asserted by way of motion pursuant to 28 U.S.C. § 2255 and hence, it is not properly raised in this Court.

Petitioner objects only to the Magistrate's recommendation that Petitioner's claim be denied as moot because the BOP has already evaluated his eligibility in a Community Corrections Center based on pre-December 2002 policy. (R&R at 10.)

Petitioner objects to the Magistrate's recommendation on the grounds that the BOP considered improper factors and "has given favoritism based on economic status" when evaluating Petitioner's case under the pre-December 2002 criteria. (Pet.'s Obj. at 2.) Petitioner requests that the Court recommend that he be given an additional 30 days' placement in a CCC. The improper factors referred to by Petitioner include the BOP's determination that by delaying the start of the CCC, Petitioner would also be delaying

2

his financial obligations under Supervised Release and hence, it is to his benefit if he remains in custody, and Petitioner's ability to find employment. (Id. at 1.) Petitioner also alleges that an inmate at FCI Otisville "who is of high economic status" was given 84 days of CCC, or the equivalent of 7 days per month of sentence, whereas Petitioner was only given 116 days, or 3.87 per month of sentence. Lastly, Petitioner alleges that the BOP never asked Petitioner to file a "detailed and specific release preparation plan" as the Assistant United States Attorney represented to Magistrate Judge Pitman in her December 14, 2004 letter. (Id. at 2.)

In support of his objections, Petitioner has submitted the BOP's response to Petitioner's request to be placed in a CCC for 6 months and a table titled "CCC Placements for Inmates at FPC Otisville with Sentences from 12 to 24 Months in 2000, 2001, and 2002."

According to 18 U.S.C. § 3621(b), the BOP, in determining the place of a prisoner's imprisonment, may consider:

   (1)   the resources of the facility contemplated;
   (2)   the nature and circumstances of the offense;
   (3)   the history and characteristics of the prisoner;
   (4)   any statement by the court that imposed the
         sentence . . . ; and
   (5)   any pertinent policy statement issued by the
         Sentencing Commission pursuant to section
         944(a)(2) of title 28.

18 U.S.C. § 3621(b).

As reflected in the BOP's response submitted by Petitioner, the BOP considered the sentence imposed by the Court, namely the conditions of supervised release, and Petitioner's history and background. Those factors are explicitly listed under the statute. Consideration of these factors by the BOP when making its determination of Petitioner's CCC placement was not improper.

Petitioner's additional claim that the BOP favors those of "high economic status" is entirely conclusory. There is no indication in the facts submitted that the BOP favors those of "higher economic status."

Petitioner also claims that he was not asked to file a "detailed and specific release preparation plan." However, the declaration of Donna Hill, Camp Administrator at FPC Otisville, specifically refers to Petitioner's release plans and states that those release plans were approved and due consideration was given to his placement in a CCC. (Hill Decl. ¶¶ 3, 7). Even if such release plans were never submitted by Petitioner, Hill's Declaration sets forth specific factors and details concerning Petitioner's background that were considered when determining the length of his CCC placement, including his family ties to his community, his educational background, his stable work history, and his need to secure employment upon release. (Id. ¶ 14.) It

is clear to the Court that due consideration was given to Petitioner's request for additional CCC time by the BOP.

Upon review of the submissions, the Court finds that Petitioner has been granted the relief he requested in his habeas petition and that there is no evidence to suggest any bad faith on the part of Respondent when making its determination of CCC placement.

Having reviewed the Report and Recommendation and finding no clear error on the face of the record, see 28 U.S.C. § 636(b)(1)(B), it is hereby

ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Henry Pitman dated May 25, 2005 be and the same hereby is approved, adopted, and ratified by the Court;

2. The Petition for a writ of habeas corpus is hereby DISMISSED as moot;

3. Petitioner's Motion for Summary Judgment is DENIED;

4. Petitioner's Amended Petition pursuant to 28 U.S.C. § 2241 shall be construed as a Motion to Amend his Petition;

5. Petitioner's Motion to Amend his Petition is also DENIED; and

5. The Clerk of the Court is ORDERED to docket the Government's letter, dated June 13, 2005, and Petitioner's

letter, dated June 16, 2005, which are attached to this Order.

4. The Clerk of the Court is directed to close this case and remove it from the docket.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. See United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997); Lozada v. United States, 107 F.3d 1011 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED

DATED: New York, New York
September 23, 2005

DEBORAH A. BATTS
United States District Judge